UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 3164

------------------------------------------------------------x

PIERRE BROWNING,

          JUDGE ENGELMAYER   Plaintiff,

          -v-

THE CITY OF NEW YORK; New York City Police Department ("NYPD") Officer ("P.O.") DANIEL MACSWEENEY (Shield No. 5838) and Sergeant ("Sgt.") MICHAEL RASO (Shield. No. 484);

          Defendants.

**COMPLAINT AND DEMAND FOR A JURY TRIAL**

Index No.



------------------------------------------------------------x

    Plaintiff PIERRE BROWNING, by his attorneys David B. Rankin of Rankin & Taylor, PLLC, and Michael L. Spiegel as and for his complaint, does hereby state and allege:

## PRELIMINARY STATEMENT

1. This is a civil rights action brought to vindicate plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, and pendant claims through the Constitution and laws of the State of New York.

2. Plaintiff PIERRE BROWNING's rights were violated when officers of the NEW YORK CITY POLICE DEPARTMENT ("NYPD") unconstitutionally detained and arrested plaintiff and caused him to be prosecuted despite the absence of probable cause. By reason of defendants' actions, including their malicious prosecution and unlawful searches and seizures, plaintiff was deprived of his constitutional rights.

3. Plaintiff also seeks an award of compensatory and punitive damages and attorneys' fees.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988 and the Fourth and Fourteenth Amendments to the Constitution of the United States.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that plaintiff's claim arose in the Southern District of New York.

6. An award of costs and attorneys' fees is authorized pursuant to 42 U.S.C. § 1988.

## NOTICE OF CLAIM

7. Plaintiff filed a Notice of Claim with the Comptroller of the City of New York within 90 days of the accrual of the malicious prosecution claim. More than 30 days have elapsed since the filing of the Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

8. Plaintiff PIERRE BROWNING is, and was at all times relevant to this action, a resident of the County of New York in the State of New York.

9. Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain correctional facilities and a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY assumes the risks incidental to the maintenance of correctional facilities, a police force and the employment of correctional officers and police officers as said risks attach to the public consumers of the services provided by its correctional facilities and the NYPD.

10. New York City Police Department ("NYPD") DANIEL MACSWEENEY and Sgt. MICHAEL RASO (referred to collectively as the "individual NYPD defendants") are and were at all times relevant herein, officers, employees and agents of the NYPD. The individual NYPD defendants are being sued herein in their individual and official capacities.

11. At all times relevant herein, the individual NYPD defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the NYPD at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the NYPD and incidental to the lawful pursuit of their duties as officers, employees and agents of the NYPD.

12. The individual NYPD defendants' acts hereafter complained of were carried out intentionally, recklessly, with malice, and in gross disregard of plaintiff's rights.

13. At all relevant times, the individual NYPD defendants were engaged in joint ventures, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

## STATEMENT OF FACTS

14. Plaintiff PIERRE BROWNING was falsely arrested at approximately 1:40 a.m. on May 19, 2012 following a traffic stop of the cab in which he was a passenger, in the vicinity of 928 Simpson Street in Bronx County in the State of New York. Mr. BROWNING was later acquitted of all charges at trial.

15. Shortly before the incident at issue, Mr. BROWNING left a friend's house, where he had been watching basketball, to go meet his girlfriend.

3

16. Mr. BROWNING shared a livery cab with another guest, who was going in the same direction.

17. At or about 928 Simpson Street, the cab was pulled over by P.O. MACSWEENEY and Sgt. RASO, who were operating an unmarked police vehicle.

18. Sgt. RASO pulled Mr. BROWNING from the vehicle and shoved him to the ground.

19. The individual defendants then handcuffed Mr. BROWNING and transported him to a NYPD precinct stationhouse.

20. Mr. BROWNING was charged with possession of a weapon.

21. Mr. BROWNING did not, and had not, possessed a weapon, nor did he commit any other unlawful act.

22. On or about December 6, 2013, Mr. Browning was acquitted of all charges after a two and a half week trial.

## FIRST CLAIM
## DEPRIVATION OF RIGHTS
## UNDER THE UNITED STATES CONSTITUTION THROUGH 42 U.S.C. § 1983
### (Against the individual defendants)

23. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

24. By their conduct and actions in falsely arresting plaintiff, maliciously prosecuting plaintiff, fabricating evidence against plaintiff, and by failing to intercede to prevent the complained of conduct, defendants P.O. MACSWEENEY and Sgt. RASO, acting under color of law and without lawful justification, intentionally, and/or with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

25. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

## SECOND CLAIM FOR RELIEF
## LIABILITY OF THE CITY OF NEW YORK FOR CONSTITUTIONAL VIOLATIONS
(Against the City of New York)

26. Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

27. At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

28. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline its employees and police officers, including defendants Sgt. RASO and P.O. MACSWEENEY, and failed to inform the individual defendant's supervisors of their need to train, screen, supervise or discipline defendants Sgt. RASO and P.O. MACSWEENEY.

29. The policies, practices, customs, and usages, and the failure to properly train, screen, supervise, or discipline, were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

30. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, costs and expenses, and was otherwise damaged and injured.

### THIRD CLAIM FOR RELIEF
### <u>MALICIOUS PROSECUTION</u>

31. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. By the actions described above, defendants maliciously prosecuted plaintiff without any right or authority to do so. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

33. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional distress, humiliation, loss of property, costs and expenses, and was otherwise damaged and injured.

///

///

## JURY DEMAND

34. Plaintiff demands a trial by jury in this action on each and every one of his damage claims.

WHEREFORE, plaintiff demands judgment against the defendants individually and jointly and prays for relief as follows:

a. That he be compensated for violation of his constitutional rights, pain, suffering, mental anguish, and humiliation; and

b. That he be awarded punitive damages against the individual NYPD defendants; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action; and

d. For such other further and different relief as to the Court may seem just and proper.

Dated: New York, New York
May 2, 2014

Respectfully submitted,

By: _____
David B. Rankin
Rankin & Taylor, PLLC
11 Park Place, Suite 914
New York, New York 10007
t: 212-226-4507

_____/s/_____
Michael L. Spiegel, Esq.
11 Park Place, Suite 914
New York, New York 10007
t: 212-587-8558

*Attorneys for the Plaintiff*